NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1909
_____

MARC A. PENNOCK,
Appellant

v.

SUPERINTENDENT MAHANOY SCI;
ATTORNEY GENERAL PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-14-cv-05070
Trial Judge: The Honorable Jan E. DuBois

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 8, 2017

Before: SMITH, *Chief Judge*, HARDIMAN, *Circuit Judge*, and BRANN, *District Judge*†

(Filed: November 9, 2017)
_____

OPINION*
_____

† The Honorable Matthew W. Brann of the United States District Court for the Middle District of Pennsylvania sitting by designation.

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Chief Judge*.

Marc Pennock appeals the District Court's judgment denying his petition for a writ of habeas corpus. This Court granted a certificate of appealability as to one issue: whether trial counsel provided ineffective assistance in failing to file a motion to reconsider the sentence. Because Pennock has failed to establish that the state court's adjudication of his ineffectiveness claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, we will affirm the judgment of the District Court.

I.

In January 2006, Pennock was charged with a number of crimes stemming from an incident in which he and an associate robbed a taxi driver at gunpoint. After a bench trial before the Court of Common Pleas of Philadelphia, Pennock was found guilty of charges including attempted murder, aggravated assault, and criminal conspiracy.

At sentencing, the trial court indicated that Pennock would be sentenced to a concurrent term of 9 to 18 years' imprisonment on the attempted murder and aggravated assault charges. JA 254. In response, counsel notified the court that he would be filing a motion to reconsider the attempted murder charge. *Id.* The trial court then decided to suspend the sentence on the attempted murder charge, and instead imposed concurrent sentences of 9 to 18 years' imprisonment on the

2

aggravated assault charge and criminal conspiracy charge. *Id.* The trial court imposed no further penalty on the remaining charges.

Pennock timely appealed. The Superior Court vacated Pennock's attempted murder conviction and affirmed the remainder of the trial court's judgment. The Pennsylvania Supreme Court denied his petition for allowance of appeal.

Pennock then filed a pro se petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), and the PCRA court appointed counsel. PCRA counsel filed a letter advising that the claims in the petition were without arguable merit. The PCRA court notified Pennock of its intent to dismiss the petition, which it later did. Pennock appealed the decision and, again, counsel was appointed. Counsel argued that Pennock was denied the effective assistance of counsel for failing to file a motion for reconsideration of the sentence, which barred him from seeking review of the discretionary aspects of the sentence. The Superior Court denied the claim and affirmed the denial of the PCRA petition.

On September 2, 2014, Pennock filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania. A Magistrate Judge issued a report and recommendation recommending that the petition be denied. Pennock filed objections. The District Court approved and adopted the recommendation, overruled Pennock's objections, denied the habeas petition, and declined to issue a certificate of appealability. Pennock then timely

3

filed this appeal.

II.

The District Court exercised jurisdiction over Pennock's petition pursuant to 28 U.S.C. § 2254. We have jurisdiction to review the District Court's judgment pursuant to 28 U.S.C. §§ 1291 and 2253. Where, as here, the District Court did not conduct an evidentiary hearing, our review is plenary. *Jacobs v. Horn*, 395 F.3d 92, 99 (3d Cir. 2005). We may affirm the judgment for any reason supported by the record. *Cardona v. Bledsoe*, 681 F.3d 533, 535 n.4 (3d Cir. 2012).

We may not grant federal habeas relief unless the Pennsylvania Superior Court's prior adjudication of Pennock's claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[1] 28 U.S.C. § 2254(d)(1); *see Harrington v. Richter*, 562 U.S. 86, 97–98 (2011). The Superior Court's decision is entitled to "deference and latitude," and will stand so long as "fairminded jurists could disagree" on the correctness of the decision. *Id.* at 101. We are tasked not with deciding whether the state court's decision was correct, but only whether its determination was unreasonable and, because the state court is

---

[1] Because there are no facts in dispute, we need not consider whether the Superior Court's adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

4

afforded additional latitude in applying a "general standard," our review is "doubly deferential" to the state court. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Pennock's claim arises under the familiar standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires that, to prevail on a claim of ineffective assistance of counsel, a defendant must establish both that counsel's performance was deficient, *i.e.*, it "fell below an objective standard of reasonableness," *id.* at 688, and that he suffered prejudice as a result, meaning that there must be a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. Thus, we must assess whether the Superior Court's denial of Pennock's ineffective assistance of counsel claim is contrary to, or involves an unreasonable application of, *Strickland*.

On PCRA appeal, the Superior Court acknowledged that trial counsel's failure to file a post-sentence motion for reconsideration resulted in the appellate waiver of any arguments concerning the discretionary aspects of his sentence.[2] JA 91 (citing *Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa. Super. Ct. 2004)).

---

[2] Although the Commonwealth interprets certain record statements by trial counsel as oral motions for reconsideration, the Superior Court expressly concluded that "counsel did not file a motion for reconsideration." JA 93. We therefore reject the Commonwealth's contention that Pennock cannot demonstrate a reasonable probability that he would have been resentenced on grounds that the trial court already had "twice declined to reconsider its sentence." Commonwealth Br. at 31.

5

Rather than considering whether counsel's failure to file such a motion fell below an objective standard of reasonableness, the Superior Court instead considered only whether Pennock suffered prejudice.

The Superior Court rejected Pennock's primary contention: that counsel's failure to preserve this particular aspect of Pennock's appeal right completely deprived Pennock of the assistance of counsel and therefore resulted in prejudice *per se*. JA 83–84; 92–93. The Superior Court instead held that Pennock was required to demonstrate that he suffered *actual* prejudice as a result of counsel's failure—*i.e.*, that "there is a reasonable probability that, but for counsel's error, the outcome of the proceedings would have been different." JA 93.

As to actual prejudice, Pennock argued to the Superior Court, without further elaboration, that "[i]n the case *sub judice*, while the Pennsylvania Sentencing Guidelines were mentioned on the record, they clearly were not followed." JA 84. This, in the view of the Superior Court, was inadequate to demonstrate prejudice because Pennock "never claim[ed] that the result of the proceeding would have been any different if a post-sentence motion had been filed." JA 94. Accordingly, the Superior Court concluded that Pennock "failed to

6

assert, much less prove" that he suffered the requisite prejudice to warrant PCRA relief.[3] *Id.*

We conclude that the Pennsylvania Superior Court's decision is neither contrary to, nor an unreasonable application of, the Supreme Court's decision in *Strickland.* The Superior Court's conclusion that counsel's failure to move to reconsider the sentence does not constitute prejudice *per se* is a determination of Pennsylvania state law not subject to our review. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Similarly, we may not reexamine the Superior Court's assessment that Pennock failed to meet his burden to establish that he suffered actual prejudice as a result of counsel's failure. *See Priester v. Vaughn*, 382 F.3d 394, 402 (3d Cir. 2004). Given our "deference and latitude" to these determinations, we conclude that fairminded jurists could disagree about the correctness of the Superior Court's disposition of Pennock's ineffective assistance claim. *See Harrington*, 562 U.S. at 101.

---

[3] Pennock argues that the Superior Court's decision is contrary to *Strickland* because it stated that he never claimed that "the result of the proceedings would have been different," when *Strickland* requires only a "reasonable probability" of a different outcome to the proceedings. Reading the Superior Court's opinion as a whole, we are satisfied that the Superior Court applied the correct standard, inasmuch as it set forth the correct "reasonable probability" language twice in the course of its opinion. *See* JA 90, 93; *Woodford v. Visciotti*, 537 U.S. 19, 23–24 (an occasional imprecise reference is not sufficient to undermine an opinion that otherwise "painstakingly" describes the *Strickland* standard).

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.[4]

---

[4] In the District Court, the Magistrate Judge recommended that Pennock's ineffective assistance of counsel claim be denied on grounds that "[h]e obtained relief as to the sentence for [the attempted murder] charge." JA 12. The District Court adopted and approved the Magistrate Judge's recommended disposition. We do not agree with the District Court's narrow interpretation of Pennock's claim. In our view, Pennock's pro se habeas petition broadly claimed ineffectiveness for counsel's failure to preserve his right to challenge *all* of the discretionary aspects of his sentence, including the concurrent 9 to 18 year sentences on the two charges that were *not* vacated. *See* JA 110. Accordingly, our decision rests upon different grounds from those relied on by the District Court.